**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**BROWARD DIVISION**

**Case Number: _____**

SOX, LLC d/b/a SOX EROSION SOLUTIONS,

        Plaintiff,

vs.

CROSSCREEK ENVIRONMENTAL, INC.,

        Defendant.

## COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

Plaintiff, Sox, LLC d/b/a Sox Erosion Solutions ("Plaintiff" or "SOX LLC"), sues Defendant, Crosscreek Environmental, Inc. ("Defendant" or "Crosscreek"), and alleges as follows:

## INTRODUCTION

1.      This is an action for injunctive relief, damages, and declaratory relief arising out of Defendant's intentional and calculated infringement of Plaintiff's registered trademarks, false designation of origin, unfair competition, violation of Florida's Deceptive and Unfair Trade Practices Act.

2.      Plaintiff, SOX LLC, designs, manufactures, and distributes patented bio-engineered erosion control systems to protect and repair erosion on shorelines, for inland bodies of water, and other terrain while promoting vegetation growth.  SOX LLC owns various patents and trademarks in connection with its erosion control products, systems, and services.

3.      Among the trademarks owned by SOX LLC, is a composite trademark for "SOX EROSION SOLUTIONS" and word mark for SHORESOX. SOX LLC also owns other trademarks

that contain or are derivative of the term "Sox" in connection with SOX LLC's erosion control and environmental service referred to below collectively as the "Sox Marks."

4.      On or before April 2015, various Sox Marks have been created, and since then continuously used, promoted and advertised by Plaintiff in connection with the high quality, innovative and environmentally friendly erosion control systems created and sold by Plaintiff and its predecessor.

5.      Plaintiff sells its erosion control services nationally through authorized and approved Certified Service Providers ("CSPs").  Plaintiff's customers, and in turn the customers of its CSPs, are frequently community and homeowners' associations, property management companies, local governments dealing with shoreline and erosion control issues, and golf courses.

6.      Defendant, Crosscreek provides erosion control services that are directly competitive with those offered and sold by SOX LLC and its CSPs.  According to its website, found at www.crosscreekenvironmental.com, Crosscreek is in the business of "restoring & preserving Florida's lakes, ponds and wetlands."

7.      Crosscreek is expressly aware of SOX LLC and the erosion control systems that are developed, marketed, and sold by Plaintiff using the term "Sox" and Sox Erosion Solutions. Crosscreek competes for the same projects as Plaintiff's CSPs.

8.      In effort to align itself with SOX LLC and gain a competitive advantage, Defendant has filed a trademark application for the term "GEOSOX," and has commenced marketing itself and conducting business activities under the GEOSOX mark.

9.      Crosscreek's effort to market itself and conduct business under the term "GEOSOX" is intentional and calculated to foster a connection between itself and Plaintiff.  As a result, consumers are likely to be confused as between SOX LLC and Crosscreek, and the products

and services sold and offered by each.  Crosscreek's adoption of the GEOSOX mark was undertaken to trade upon the goodwill, innovation, and investments undertaken by SOX LLC.

10.     As a result of Defendant's willful misconduct, SOX LLC is threatened with irreparable harm to its Sox Marks and the goodwill residing in same.  Unless enjoined, Defendant will continue its practice of intentional infringement, false designation of origin, and predatory business practices to Plaintiff's detriment.  Defendant is causing significant harm to Plaintiff due to its intentional conduct, and as a result, Plaintiff is entitled to an award of damages, injunctive relief, and a declaration of it rights.

## JURISDICTION AND VENUE

11.     This is an action for infringement under the trademark and unfair competition laws of the United States (15 U.S.C. §§ 1114 and 1125), alleging infringement of Plaintiff's trademarks, false designation of origin, unfair competition, and other violations of law as detailed below.

12.     Jurisdiction is conferred on this Court by 15 U.S.C. § 1121 and 28 U.S.C. § 1338. This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over all state law claims derived from a common nucleus of operative facts.

13.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b).

14.     Plaintiff is a limited liability company existing under the laws of the State of Florida, with its principal place of business in Palm Beach, County, FL.  Plaintiff is the exclusive entity authorized to manufacture, sell, distribute or license erosion control systems, products and services under the Sox Marks.  Plaintiff conducts business within this Judicial District.

15.     Defendant is a Florida for profit corporation with its principal place of business listed in Palmetto, Manatee County, Florida.   It also maintains a website found at

www.crosscreekenvironmental.com, that markets Defendant's services throughout Florida and is accessible worldwide.  Defendant conducts business in Broward County, Florida.

## FACTS COMMON TO ALL COUNTS

16.     Since at least 2015, Plaintiff and predecessor, have been continuously developing, marketing and distributing environmentally friendly erosion control systems, products and services.

17.     SOX LLC chose the unique term "Sox" under which to brand, market and distribute its environmental erosion control systems and products.  Since then, SOX LLC has utilized, developed and made substantial investment in the "SOX" brand, seeking and receiving federal trademark registrations for the following Sox-derivative marks:

(a)     SHORESOX, registration No. 4855363, dated November 17, 2015, for erosion control sheeting or fabric for non-construction use.

(b)     DREDGESOX, registration No. 5237519, dated July 4, 2017, for erosion for erosion control sheeting or fabric for non-construction use.

(c)     SOXFENCE, registration No. 5717405, dated April 2, 19, for erosion for erosion control sheeting or fabric for non-construction use.

(d)     SOX Erosion Solutions, registration No. 59077630, dated April 19, 2019, for erosion for erosion control sheeting or fabric for non-construction use.

(e)     BUNKERSOX, Application No. 88840983, dated March 19, 2022 (being utilized pursuant to a Notice of Allowance).

(f)     DUNESOX, Application No. 88841268, dated March 19, 2020, (being utilized pursuant to a Notice of Allowance).

(g)     SOXBOOM Trademark Application No. 88841276, dated March 19, 2020, (being utilized pursuant to a Notice of Allowance).

18.     The above Sox-derivative marks, and all other indicators of origin for environmental and erosion control services developed, originated, or offered by SOX LLC are collectively referred to as the "Sox Marks."

19.     SOX LLC has devoted countless hours and resources to promote, advertise, and develop products, systems and services under the Sox Marks.  As a result of the substantial investment undertaken by SOX LLC, the Sox Marks have come to be associated with Plaintiff's innovative, environmentally friendly quality erosion control systems and services.  The substantial goodwill established by Plaintiff in the Sox Marks is difficult to quantify but is valued in the tens of millions of dollars.

20.     The Sox Marks are highly distinctive and have developed secondary meaning.  The Sox Marks identify the environmental and erosion control systems, services, and products originating from Plaintiff to the relevant consuming public.

21.     Plaintiff markets its environmental erosion control solutions in various internet and media channels, including on its website found at www.soxerosion.com, which provides detailed information as to its systems, products, capabilities with respect to various erosion of terrain (such as lake banks, stream banks, intracoastal shoreline, beach, and stormwater management).  Further, the website identifies clients, including, but not limited to, engineers, homeowners' associations, lake and property management companies, local governments, and more.  Attached as Exhibit 1 is a copy of Plaintiff's soxerosion.com homepage.

**Defendant's Infringing Activities**

22.     Defendant is a service provider that according to its website, offers environmental resource services "such as lake management, erosion control, lake maintenance, shoreline restoration and wetland mitigation for golf courses, homeowners' associations, commercial properties, new development, and municipals."

23.     According to its website, Defendant offers its services through "multiple locations throughout Florida" and services the entire state.  See Exhibit 2.

24.     With full knowledge of Plaintiff, its broad utilization of the Sox Marks and their goodwill, Defendant has adopted and begun marketing and selling competitive products and services under the term "GEOSOX."

25.     On or about February 2023, Defendant filed a trademark application for the GEOSOX mark in connection with erosion control fabrics, systems, and other environmental erosion control uses.  Defendant has sought registration for the GEOSOX mark in the precise class various Sox Marks have been registered.  Attached as Exhibit 3 is a copy of the USPTO's website showing the current status of Crosscreek's trademark application for the term GEOSOX.

26.     Defendant has adopted and sought to trade upon the term "Sox" in connection with its competitive activities in a purposeful attempt to align itself with SOX LLC and to otherwise trade upon the goodwill and favorable reputation earned by Plaintiff in and for its Sox Marks.

27.     Defendant has undertaken internet advertisements, marketing and business activities designed to cause confusion in the minds of the consuming public as to the source, origin, sponsorship, or approval by SOX LLC of goods, services and systems sold and implemented by Defendant, when in fact Plaintiff has never approved, sponsored or consented to any of Defendant's activities.

28.     In at least one advertisement, Defendant prominently promotes the "GEOSOX" mark with #GEOSOX directly adjacent to #ErosionControl, which is a direct attempt to tradeoff Plaintiff's Sox Erosion Control trademark and the other Sox Marks.  See Exhibit 4.

29.     Defendant's use and marketing of the term "GEOSOX" in connection the erosion control services are likely to cause confusion in the minds of the consuming public with respect to the goods, services, and systems, developed, sold, and marketed by Plaintiff.

30.     Defendant intends to create confusion and has profited as a result of its efforts to draw a close affiliation between its systems, goods, and services and those developed and offered by Plaintiff through its CSPs.

31.     On November 15, 2023, Plaintiff wrote to Defendant demanding that it cease from its ongoing infringing activities.  See Exhibit 5.

32.     Thereafter, Defendant responded, promising to take "immediate steps to minimize any potential confusion in the marketplace."  See Exhibit 6.  However, since then Defendant has continued aggressive marketing and promotion of its GEOSOX mark in direct competition with Plaintiff and its CSPs, which has created confusion, and is likely to continue produce consumer confusion.

33.     Plaintiff has performed conditions precedent to bringing this lawsuit or such conditions have been excused or waived.

34.     Plaintiff has engaged undersigned counsel to represent it in this case and has agreed to pay reasonable attorney's fees in connection with this action.  Plaintiff demands payment of all costs and attorney's fees incurred pursuant to federal and state law, as applicable.

LAW OFFICES
BECKER & POLIAKOFF
1 EAST BROWARD BLVD. • SUITE 1800 • FT. LAUDERDALE, FL 33301
TELEPHONE (954) 987-7550

## COUNT I - TRADEMARK INFRINGEMENT
### (PURSUANT TO 15 U.S.C. § 1114)

35.     Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 34 as fully set forth herein.

36.     This claim arises under 15 U.S.C. § 1114 for infringement of a trademark registered in the United States Patent and Trademark Office.

37.     On November 12, 2019, SOX LLC received U.S. PTO Trademark Registration No. 5907630 for its Sox Erosion Solutions trademark for Class 19 in connection with an erosion control system.  See Exhibit 7 attached hereto.

38.     The trademark is inherently distinctive and has come to identify SOX LLC's environmentally friendly and innovative erosion control systems, products, and services.

39.     The trademark has also acquired secondary meaning among consumers who identify Sox Erosion Solutions with the high-quality environmental erosion control systems, products and services produced, marketed, and sold by Plaintiff and its authorized CSPs.

40.     Plaintiff has used the trademark in connection with its environmentally friendly erosion control solutions since approximately 2018.

41.     Defendant, with full knowledge of Plaintiff's trademark, its goodwill and favorable reputation among relevant consumers has intentionally, knowingly and willfully infringed upon the trademark by creating, marketing and selling products and services bearing marks confusingly similar to Plaintiff's trademark, without the consent or permission of Plaintiff in order to deceive consumers as to the origin, source, or affiliation of its products.  Defendant has displayed, sold and advertised for sale and purchase products and/or services bearing marks similar to Plaintiff's trademark.  The items sold, marketed, and distributed by Defendant are not authorized by Plaintiff. Defendant's use of marks which are confusingly similar to Plaintiff's trademark (and other of the

LAW OFFICES
BECKER & POLIAKOFF
1 EAST BROWARD BLVD. • SUITE 1800 • FT. LAUDERDALE, FL 33301
TELEPHONE (954) 987-7550

Sox Marks) is likely to cause confusion and mistake in the minds of the consuming public, and in particular, tends to and thus falsely create the impression that the goods and products sold and offered by Defendant are authorized, sponsored or approved by Plaintiff, when in fact, they are not and never have been.

42.     By reason of Defendant's use of marks confusingly similar to the trademark in the course of selling their products and services, without the authorization of Plaintiff, Defendant has infringed upon Plaintiff's rights in the trademark.

43.     The goodwill and favorable reputation existing in the trademark is a valuable asset belonging to Plaintiff.

44.     Plaintiff has suffered and continues to suffer irreparable harm and damage as a result of Defendant's above-described activities, including diversion of sales from Plaintiff to Defendant or from Plaintiff's licensed and authorized CSPs to Defendant, and a lessening of the goodwill residing in Plaintiff's trademark.  Defendant will, unless preliminarily restrained and enjoined, continue to act in the unlawful manner complained of herein, to Plaintiff's irreparable harm.  Plaintiff's remedy at law is not adequate to compensate it for injuries suffered and threatened.

45.     As a direct and proximate result of Defendant's actions, Plaintiff has sustained damages in an amount to be determined at trial.

### COUNT II - TRADEMARK INFRINGEMENT
### (PURSUANT TO 15 U.S.C. § 1114)

46.     Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 34 as fully set forth herein.

47.     This claim arises under 15 U.S.C. § 1114 for infringement of a trademark registered in the United States Patent and Trademark Office.

LAW OFFICES
BECKER & POLIAKOFF
1 EAST BROWARD BLVD. • SUITE 1800 • FT. LAUDERDALE, FL 33301
TELEPHONE (954) 987-7550

48. On November 17, 2015, SHORESOX received U.S. PTO Trademark Registration No. 4855363 for its Sox Erosion Solutions trademark for Class 19 in connection with an erosion control system.  See Exhibit 8 attached hereto.

49. The trademark is inherently distinctive and has come to identify SOX LLC's environmentally friendly and innovative erosion control systems, products, and services.

50. The trademark has also acquired secondary meaning among consumers who identify Sox Erosion Solutions with the high-quality environmental erosion control systems, products and services produced, marketed, and sold by Plaintiff and its authorized CSPs.

51. Plaintiff has used the trademark in connection with its environmentally friendly erosion control solutions since approximately 2015.

52. Defendant, with full knowledge of Plaintiff's trademark, its goodwill and favorable reputation among relevant consumers has intentionally, knowingly and willfully infringed upon the trademark by creating, marketing and selling products and services bearing marks confusingly similar to Plaintiff's trademark, without the consent or permission of Plaintiff in order to deceive consumers as to the origin, source, or affiliation of its products.  Defendant has displayed, sold and advertised for sale and purchase products and/or services bearing marks similar to Plaintiff's trademark.  The items sold, marketed, and distributed by Defendant are not authorized by Plaintiff. Defendant's use of marks which are confusingly similar to Plaintiff's trademark (and other of the Sox Marks) is likely to cause confusion and mistake in the minds of the consuming public, and in particular, tends to and thus falsely create the impression that the goods and products sold and offered by Defendant are authorized, sponsored or approved by Plaintiff, when in fact, they are not and never have been.

LAW OFFICES
BECKER & POLIAKOFF
1 EAST BROWARD BLVD. • SUITE 1800 • FT. LAUDERDALE, FL 33301
TELEPHONE (954) 987-7550

53.     By reason of Defendant's use of marks confusingly similar to the trademark in the course of selling their products and services, without the authorization of Plaintiff, Defendant has infringed upon Plaintiff's rights in the trademark.

54.     The goodwill and favorable reputation existing in the trademark is a valuable asset belonging to Plaintiff.

55.     Plaintiff has suffered and continues to suffer irreparable harm and damage as a result of Defendant's above-described activities, including diversion of sales from Plaintiff to Defendant or from Plaintiff's licensed and authorized CSPs to Defendant, and a lessening of the goodwill residing in Plaintiff's trademark.  Defendant will, unless preliminarily restrained and enjoined, continue to act in the unlawful manner complained of herein, to Plaintiff's irreparable harm.  Plaintiff's remedy at law is not adequate to compensate it for injuries suffered and threatened.

56.     As a direct and proximate result of Defendant's actions, Plaintiff has sustained damages in an amount to be determined at trial.

<u>**COUNT III - FALSE DESIGNATION OF ORIGIN**</u>
<u>**(PURSUANT TO 15 U.S.C. § 1125(a))**</u>

57.     Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 34 as fully set forth herein.

58.     This claim arises under 15 U.S.C. § 1125(a) for false designation of origin.

59.     Plaintiff uses an array of Sox-based and derivative marks which have been referred to above as the Sox Marks.  These include numerous federally registered and unregistered trademarks that identify SOX LLC as the provider of high-quality, innovative, and environmentally friendly erosion control systems, solutions, products, and services that originate from SOX LLC, and are provided through its licensed and authorized CSPs.

60.     The Sox Marks are inherently distinctive and have come to identify the above-described goods, services and solutions designed, developed, marketed and sold by Plaintiff.

61.     The Sox Marks have also acquired secondary meaning within the relevant market, which associates the Sox Marks with goods, services, and environmentally-friend erosion control systems produced, sold, sponsored, or approved by SOX LLC.

62.     Defendant is aware of the Sox Marks, and their source-identifying function with respect to the goods, services, and erosion control solutions designed, distributed, and sold by Plaintiff.

63.     Since the inception of SOX LLC, Plaintiff and its predecessor have devoted substantial resources including funds, substantial time and labor costs, marketing and advertising of the Sox Marks in connection with Plaintiff's business.  As a result, the Sox Marks have earned substantial goodwill and serve to identify Plaintiff as the exclusive provider and sponsor of goods, services, and erosion control solutions bearing the Sox Marks.

64.     Defendant is aware of the Sox Marks, yet has purposely sought to register as its own trademark the term "GEOSOX," which is confusingly similar to the Sox Marks.

65.     Defendant has acted in disregard of Plaintiff's rights in connection with the Sox Marks in a manner that is likely to cause confusion in the minds of the consuming public.

66.     Defendant is using marks in connection with competitive activities that are likely to cause confusion as to the source, origin, sponsorship, or affiliation of Defendant's products and services, with those offered by Plaintiff.

67.     Plaintiff and Defendant are in direct completion with one another, or at least, Defendant competes directly with Plaintiff's authorized CSPs.  Defendant would like customers and potential customers to believe that it provides "Sox" erosion control solutions that originate

from Plaintiff, or are equal to Plaintiff's erosion control solutions in quality, when Defendant's products, services and systems are inferior.

68.     Defendant's actions are likely to cause confusion, mistake, or deception as to the affiliation, connection or association of Defendant with Plaintiff's, or as to the source, origin, sponsorship, or approval of Defendant's goods or services by Plaintiff.

69.     The goodwill and favorable reputation existing in the Sox Marks is a valuable asset belonging solely and exclusively to Plaintiff.  The acts complained of herein have caused Plaintiff harm that if not preliminarily and permanently enjoined, will continue to harm its intellectual property and goodwill.

70.     Defendant's activities constitute willful and intentional infringement of the Sox Marks and false designation of origin, and are in disregard of Plaintiff's rights therein.

71.     Plaintiff has suffered and continues to suffer irreparable harm as a result of Defendant's actions, including, but not limited to, a diversion of sales and a lessening of the goodwill residing in the Sox Marks.

72.     Plaintiff's remedy at law is not adequate to compensate it for injuries suffered and threatened.

73.     As a direct and proximate result of Defendant's actions, Plaintiff has sustained damages in an amount to be determined at trial.

## COUNT IV - COMMON LAW UNFAIR COMPETITION
## (PURSUANT TO FLORIDA STATUTE SECTIONS 501.201 *ET SEQ.*)

74.     Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 34 as fully set forth herein.

75.     The acts alleged above of Defendant through its marketing, selling, offering for sale and seeking to register trademarks that are confusingly similar to Plaintiff's Sox Marks constitutes unfair competition.

76.     Defendant seeks to misappropriate the goodwill of Plaintiff and its Sox Marks.

77.     Defendant has engaged in calculated conduct to cause confusion in the market by passing off its products, services and environmental systems as Plaintiff, or by copying so much of Plaintiff's Sox Marks and imaging that customers and consumers will not distinguish or differentiate between the two.

78.     Defendant's acts have caused and will continue to cause irreparable harm to Plaintiff, including, but not limited to, a diversion of sales and a lessening of the goodwill residing the Sox Marks.

79.     Plaintiff's remedy at law is not adequate to compensate it for injuries suffered and threatened.

80.     Further, as a direct and proximate result of Defendant's actions, Plaintiff has sustained damages in an amount to be determined at trial.

## COUNT V - DECEPTIVE AND UNFAIR TRADE PRACTICES (PURSUANT TO FLORIDA STATUTE SECTIONS 501.201 *ET SEQ*.)

81.     Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 34 as fully set forth herein.

82.     This claim arises under Fla. Stat. § 501.201 *et seq*. for deceptive and unfair trade practices.

83.     Based upon the above wrongdoing, Defendant has violated Florida Statutes § 501.204. Defendant is using unfair methods of competition in the conduct of trade or commerce by deceptively using, copying and infringing upon the Sox Marks.

LAW OFFICES
BECKER & POLIAKOFF
1 EAST BROWARD BLVD. • SUITE 1800 • FT. LAUDERDALE, FL 33301
TELEPHONE (954) 987-7550

84.     Defendant's unfair and deceptive acts diminish the value of the goods, services, and environmental systems developed, sold, and marketed by Plaintiff and its authorized CSPs.

85.     Defendant misleads consumers and intends to create the impression that its products and services are offered for sale or with the approval or affiliation of Plaintiff, when in fact, they are not and never have been.

86.     Plaintiff has suffered and continues to suffer irreparable harm and damage as a result of Defendant's conduct.  Defendant will, unless preliminarily and permanently restrained and enjoined, continue to act in the unlawful manner complained of herein, to Plaintiff's irreparable harm.

87.     Plaintiff has no adequate remedy at law to compensate it for injuries suffered and threatened as a result of Defendant's conduct.

88.     As a direct and proximate result of Defendant's actions, Plaintiff has suffered damages in an amount to be determined at trial.

## COUNT VI - CANCELLATION AND/OR REJECTION OF TRADEMARK APPLICATION AND REGISTRATION

89.     Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 34 as fully set forth herein.

90.     This count seeks the cancellation or rejection of Defendant's application with the Trademark Office to register the mark "GEOSOX" pursuant to 15 U.S.C. § 1119.

91.     Based on the foregoing, Defendant's effort to obtain a trademark registration for GEOSOX is likely to cause confusion with Plaintiff's Sox Marks and would infringe upon Plaintiff's superior and senior rights under the Sox Marks.

92.     Defendant is not entitled to receive registration of the GEOSOX mark, and the Court should issue judgment cancelling any rights Defendant seeks in connection with its application or successful registration of GEOSOX as a trademark.

93.     To the extent that Defendant has not yet received successful registration of the mark, this Court is empowered to declare the mark unregistrable, and cancel the application due to the substantial nexus of Defendant's application and the registered Sox Marks owned by Plaintiff.

94.     Because the use of Defendant's GEOSOX mark in competition against Plaintiff and its pre-existing Sox Marks is likely to cause confusion, the Court should either cancel any rights received as to a registration, or declare that Defendant is not entitled to receive a registered trademark for GEOSOX for the reasons alleged above.

**WHEREFORE,** Plaintiff, SOX LLC, demands judgment against Defendant, CROSSCREEK ENVIRONMENTAL, INC., for:

A.     Preliminary and permanent injunctive relief enjoining Defendant, its agents, employees, servants, privies, successors, and assigns, and all persons acting in concert, participation or combination with the Defendant, from using the Sox Marks in any manner, and from making, using or promoting any mark that is similar thereto particularly in connection with erosion control systems, products and services;

B.     An award of damages in a sum to be determined at trial accounting for all losses by Plaintiff, and/or all gains, profits and advantages derived by Defendant through the sale, advertisement, and promotion of products and services that use, incorporate, or infringe the Sox Marks, any marks or designs similar thereto;

LAW OFFICES
BECKER & POLIAKOFF
1 EAST BROWARD BLVD. • SUITE 1800 • FT. LAUDERDALE, FL 33301
TELEPHONE (954) 987-7550

C.      On submission of evidence supporting same, treble damages, punitive damages, reasonable attorneys' fees, costs and disbursements incurred by Plaintiff in the prosecution of this action; and

D.      Such other relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38, Federal Rules of Civil Procedure, SOX LLC hereby demands trial by jury on all issues so triable.

Dated this 23rd day of April 2024.

Respectfully submitted,

BECKER & POLIAKOFF, P.A.
*Attorneys for Plaintiff*
1 East Broward Blvd., Suite 1800
Ft. Lauderdale, FL 33301
Telephone:  954.985.4174
Facsimile:  954.985.4176
kmarkow@beckerlawyers.com
ygomezrivera@beckerlawyers.com

By:   */s/Kevin Markow*
        Kevin Markow
        Florida Bar No. 66982

## CERTIFICATE OF SERVICE

I hereby certify that on April 23, 2024, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will also send notice of this electronic filing to all counsel of record.

*/s/ Kevin Markow*
Kevin Markow, Esq.
Florida Bar No. 66982